Case 1:23-cv-00055-MFU-PMS    Document 34    Filed 11/22/24    Page 1 of 10
Pageid#: 215

CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
November 22, 2024
LAURA A. AUSTIN, CLERK
BY KRISTIN AYERSMAN
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

| | |
|---|---|
| Kyle Beer, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Bluefield University,<br><br>    Defendant. | Case No. 1:23-cv-00055-MFU-PMS |

### PRELIMINARY APPROVAL ORDER

This matter is before the Court for consideration of whether the Settlement reached by the Parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved. Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed notice plan approved.[1] Accordingly, good cause appearing in the record, **IT IS HEREBY ORDERED THAT**:

### Provisional Certification of The Settlement Class

(1)   The Court provisionally certifies the following Settlement Class:

All natural persons residing in the United States who were sent a Notice Letter notifying them that their Private Information was compromised in the Incident, or for whom Bluefield has alternate contact information. The Settlement Class specifically excludes: (i) Defendant Bluefield University ("Defendant" or "Bluefield") and its employees, officers, directors, affiliates, parents, subsidiaries,

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement Agreement.

34071932.2

and any entity in which Defendant has a whole or partial ownership of financial interest; (ii) all individuals who make a timely election to be excluded from this Settlement using the correct protocol for opting out; (iii) any counsel and their respective staff appearing in this matter; and (iv) all judges assigned to hear any aspect of this litigation, their immediate family members, and their respective court staff.

This Settlement Class is provisionally certified for purposes of settlement only.

(2) The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

(3) Plaintiff Kyle Beer is designated and appointed as the Settlement Class Representative.

(4) William B. Federman of Federman & Sherwood is designated as Class Counsel pursuant to Fed. R. Civ. P. 23(g) for settlement purposes. The Court finds that Mr. Federman is experienced and will adequately protect the interests of the Settlement Class.

### **Preliminary Approval of the Proposed Settlement**

(5) Upon preliminary review, the Court finds the proposed Settlement is fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class. In making this determination, the Court has considered the benefits to the Settlement Class, the specific risks faced by the Settlement Class in prevailing on Plaintiff's claims, the stage of the proceedings at which the settlement was reached, the effectiveness of the

2

proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23. Accordingly, the proposed Settlement is preliminarily approved.

### Final Approval Hearing

(6)     A Final Approval Hearing shall take place before the Court on April 15, 2025, at 10 a.m. at 180 W. Main Street, Abingdon, Virginia 24210 to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Class Action Complaint and Action should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement; (d) the proposed Final Approval Order and Judgment should be entered; and (e) the application of Class Counsel for an award of attorneys' fees, costs, expenses, and service award should be approved.  Any other matters the Court deems necessary and appropriate will also be addressed at the hearing.

(7)     Class Counsel shall submit their application for Attorneys' Fees, Expenses, and Service Award no later than fourteen (14) days before the Objection Deadline.

(8)     Any Settlement Class Member that has not timely and properly excluded itself from the Settlement in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude themself from the Settlement shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

### Administration

(9)     Atticus Administration, LLC is appointed as the Claims Administrator, with responsibility for reviewing, determining the validity of, and processing all claims submitted by Settlement Class Member, and all other obligations of the Claims Administrator as set forth in the Settlement Agreement. All Administration and Notice Costs incurred by the Claims Administrator will be paid by Bluefield, as provided in the Settlement Agreement.

### Notice to the Class

(10)    The Notice Plan, along with the Short Notice, Long Notice, and Claim Form attached to the Settlement Agreement as Exhibits A through C satisfy the requirements of Federal Rule of Civil Procedure 23 and due process and thus are approved.  Non-material modifications to these exhibits may be made without further order of the Court.  The Settlement Administrator is directed to carry out the Notice Plan and to perform all other tasks that the Settlement requires.

(11)    The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan, Short Notice, Long Notice, and Claim Form: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements.  The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

### Exclusions from the Class

34071932.2

(12)     Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated email address or Post Office box established by the Claims Administrator (or submit online via the settlement website), postmarked or submitted no later than 60 days after the Notice Date (the "Opt-Out Deadline").  Persons wishing to opt-out of the Settlement Class will only be able to submit an opt-out request on their own behalf; mass or class opt-outs will not be permitted. The written notification must include the name of this Action (*Beer v. Bluefield University*, No. 1:23-cv-00055-MFU-PMS (W.D. Va.)); the full name and address of the individual seeking exclusion from the Settlement; be personally signed by the individual seeking exclusion; include a statement in the body of the document clearly indicating the individual's intent to be excluded from the Settlement; and request exclusion only for that one individual whose personal signature appears on the request.  Any individual who does not submit a valid and timely request for exclusion in the manner described herein shall be bound by the Settlement, including all releases and covenants therein, as well as all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

(13)     All individuals who submit valid and timely requests for exclusion from the Settlement shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement.

(14)     The Claims Administrator shall provide the parties with copies of all requests for exclusion promptly upon receipt, a weekly report which includes a summary of the number of requests for exclusion, and, within seven (7) Business Days after the Opt-Out Deadline, a final list of all individuals that have timely and validly excluded themselves from the Settlement Class in accordance with the terms of the Settlement and herein.  Prior to the Final Approval Hearing, the

34071932.2

Claims Administrator shall also prepare and execute a declaration identifying each individual who timely and validly requested exclusion from the Settlement.

## Objections to the Settlement

(15) A Settlement Class Member that complies with the requirements of this Order may object to the Settlement.

(16) No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless a written objection is submitted to the Court on or before the Objection Deadline, which shall be 60 days after the Notice Date. For the objection to be considered by the Court, the written objection must include:

    a. the case name and number of the Action (*Beer v. Bluefield University*, Case No. 1:23-cv-00055-MFU-PMS));

    b. the objector's full name, address, telephone number, and e-mail address (if any);

    c. information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Incident);

    d. a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

    e. the identity of any and all counsel representing the objector in connection with the objection;

    f. a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing;

34071932.2

  g. the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and

  h. a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years.

(17) In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether pro se or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

(18) To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court and contain the case name and docket number *Beer v. Bluefield University*, Case No. 1:23-cv-00055-MFU-PMS (W.D. Va.), no later than sixty (60) days from the Notice Date and served concurrently therewith upon at the addresses below.

| COURT | DEFENDANT'S COUNSEL | LEAD CLASS COUNSEL |
|---|---|---|
| U.S. District Court<br>Western District of Virginia<br>Abingdon Division<br>180 W. Main Street<br>Abingdon, VA 24210 | **MCDONALD HOPKINS LLC**<br><br>Christopher G. Dean<br>600 Superior Ave. East<br>Suite 2100<br>Cleveland, OH 44114 | **FEDERMAN & SHERWOOD**<br><br>William B. Federman<br>10205 N. Pennsylvania Avenue<br>Oklahoma City, OK 73120 |

(19) Any Settlement Class Member who fails to object to the Settlement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be

7

34071932.2

precluded from seeking any review of the Settlement or the terms of this Agreement by appeal or any other means.

## Claims Process and Distribution Plan

(20)    The Settlement Agreement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form.  The Court preliminarily approves this process.

(21)    Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Settlement Agreement. If the Settlement is finally approved, all Settlement Class Members that qualify for any benefit under the Settlement, but who fail to submit a claim in accordance with the requirements and procedures specified in the Settlement, including the Claim Form, shall be forever barred from receiving any such benefit.  Such Class Members, however, will in all other respects be subject to and bound by the provisions of the Settlement, including the releases included in the Settlement, and the Final Approval Order and Judgment.

## Termination of the Settlement and Use of this Order

(22)    This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement.  In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

(23)    If the Settlement is not finally approved or there is no Effective Date under the

terms of the Settlement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

### Stay of Proceedings

(24)     Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

### Continuance of Final Approval Hearing

(25)     The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Claims Administrator.

### Actions By Settlement Class Members

(26)     The Court stays and enjoins, pending Final Approval of the Settlement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against Defendant related to the Incident.

### Summary of Deadlines

(27)     The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing.  Deadlines arising under the Settlement

34071932.2

and this Order include but are not limited to the following:

| ACTION | DEADLINE |
| --- | --- |
| Notice Date | January 6, 2025 |
| Motion for Attorneys' Fees and Expenses | February 24, 2025 |
| Claims Deadline | April 7, 2025 |
| Opt-Out / Exclusion Deadline | March 10, 2025 |
| Objection Deadline | March 10, 2025 |
| Final Approval Brief and Response to Objections Due | April 1, 2025 |
| Final Approval Hearing | April 15, 2025 |

IT IS SO ORDERED this 21st day of November, 2024.

Mike Urbanski
Senior U.S.District Judge
2024.11.21 12:13:18
-05'00'

_____
Michael F. Urbanski
Senior United States District Judge

10

34071932.2