IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

| | |
|---|---|
| Kyle Beer, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Bluefield University,<br><br>    Defendant. | Case No. 1:23-cv-00055-JPJ-PMS |

### [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

On November 22, 2024, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (Doc. 34) of the Settlement between (a) Plaintiff Kyler Beer, on behalf of himself and the Settlement Class Members; and (b) Defendant Bluefield University ("Bluefield" or "Defendant") (collectively, the "Parties") as memorialized in Exhibit 1 to the Declaration of William B. Federman in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement;[1]

On January 6, 2025, pursuant to the notice requirements set forth in the Agreement and in the Preliminary Approval Order, the Settlement Class Members were apprised of the nature and pendency of the Action, the terms of the Agreement, and their rights to request exclusion, object, and/or appear at the Final Approval Hearing;

On April 15, 2025, the Court held a Final Approval Hearing to determine, inter alia: (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be indicated.

entered dismissing all claims in the Complaint with prejudice. Prior to the Final Approval Hearing, Class Counsel filed a declaration from the Claims Administrator confirming that the Notice Plan was completed in accordance with the Parties' instructions and the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Agreement and the award of Attorneys' Fees and Expenses.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Agreement, having determined that the Agreement is fair, adequate, and reasonable, and having considered the application made by Class Counsel for Attorneys' Fees, Expenses, and Service Award (Doc. 35), and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class Members. The Court also has personal jurisdiction over the Parties and the Settlement Class Members.

2. The Settlement was entered into in good faith following arms' length negotiations and is non-collusive.

3. The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court

2

finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of final approval of the Settlement.

4. This Court grants final approval of the Settlement, including, but not limited to, the releases in the Agreement and the plans for distribution of the settlement relief. The Court finds that the Agreement is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Agreement and this Final Approval Order and Judgment.

5. The Settlement and every term and provision thereof—including, without limitation, the Releases—are incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

6. The Parties shall effectuate the Settlement in accordance with its terms.

## OBJECTIONS AND OPT-OUTS

7. No objections or opt-outs were filed by Settlement Class Members.

8. All persons and entities who have not objected to the Settlement in the manner provided in the Agreement are deemed to have waived any objections to the Agreement, including, but not limited to, by appeal, collateral attack, or otherwise.

## CLASS CERTIFICATION

9. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> [A]ll natural persons residing in the United States who were sent a notice letter notifying them that their PII was compromised in the Incident, or for whom Bluefield has alternate contact information. The Settlement Class specifically excludes: (i) Bluefield, the Related Parties, and their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Incident or who pleads *nolo contendere* to any such charge.

10. The Court determines that for settlement purposes the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

11. The Court grants final approval to the appointment of Plaintiff Kyle Beer as the Class Representative. The Court concludes that the Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

12. The Court grants final approval to the appointment of William B. Federman of Federman & Sherwood as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE SETTLEMENT CLASS

13. The Court finds that the notice program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class Members of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Agreement, their right to exclude themselves, their right to object to the Agreement and to appear at the final approval hearing, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable laws.

14. The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES AND SERVICE AWARDS TO PLAINTIFF

15. The Court has considered Class Counsel's Motion for Attorneys' Fees, Expenses, and Service Award.

16. The Court awards Class Counsel $150,000.00 as an award of attorneys' fees, costs and expenses to be paid in accordance with the Settlement, and the Court finds this amount of fees, costs, and expenses to be fair and reasonable. This award of attorneys' fees, costs, and expenses, and any interest earned thereon, shall be paid from the Settlement Fund. This award of attorneys' fees, costs, and expenses is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

17. The Court awards the named Plaintiff a service award in the amount of $1,500.00.

18. Attorneys' fees, costs, expenses, and service award to Plaintiff will be paid from the Settlement Fund within twenty-one (21) days after the Effective Date.

## OTHER PROVISIONS

19. The Parties to the Agreement shall carry out their respective obligations thereunder.

20. Within the time set forth in the Settlement Agreement, the relief provided for in the Agreement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

21. As of the Effective Date, all Settlement Class Members, on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and forever release and discharge any and all Released Claims against the

Released Parties and any of their current, former, and future affiliates, parents, subsidiaries, representatives, officers, agents, directors, employees, contractors, shareholders, vendors, insurers, reinsurers, successors, assigns, and attorneys, except for claims relating to the enforcement of the Settlement Agreement.

22. This Final Approval Order and Judgment, the Agreement, and all acts, statements, documents, and proceedings relating to the Agreement shall not be offered or received against Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Defendant with respect to the truth of any fact alleged by any Class Representative or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Defendant; ***provided, however***, that nothing in the foregoing, the Settlement Agreement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement Agreement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Agreement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

23. This Final Approval Order and Judgment and the Agreement, and all acts, statements, documents, and proceedings relating to the Agreement are not, and shall not be construed as or received in evidence as an admission, concession, or presumption against any Class Representative or any Settlement Class Member that any of their claims are without merit, or that any defense asserted by Defendant has any merit, or that damages recoverable in the Action would not have exceeded the total value of the Agreement.

24. The Agreement (including without limitation the releases therein) shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Final Approval Order and Judgment.

25. The Court hereby dismisses the Action and the Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

26. Consistent with Paragraph 9.4 of the Settlement Agreement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect, and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into the Agreement.  In such an event, the Parties shall be restored to their respective positions in the Action as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

27. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

28. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain exclusive jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Agreement for all purposes, including enforcement of its

terms at the request of any party, and resolution of any disputes that may arise relating in any way to the implementation of the Agreement or the implementation of this Final Order and Judgment.

**ENTERED:**

DATED: _____, 2025          By: _____